**Computershare**

**Computershare Governance Services, Inc.**
100 Beard Sawmill Road, Shelton, CT 06484

08/30/2021

Kaman Aerospace Corporation
Shawn G. Lisle
Kaman Corporation
1332 Blue Hills Avenue
Bloomfield CT 06002

# SERVICE OF PROCESS NOTICE

Item: 2021-29

The following is a courtesy summary of the enclosed document(s).   **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Kaman Aerospace Corporation |
| 2. | **Title of Action:** | Mark Duffy, as Personal Representative of the Estate of Thomas Duffy, on behalf of the Heirs and the Estate of Thomas Duffy, and Central Copters, Inc., a Montana corporation vs. Kaman Aerospace Corporation |
| 3. | **Document(s) Served:** | Summons<br>Complaint and Demand for Jury Trial |
| 4. | **Court/Agency:** | Gallatin County Montana Eighteenth Judicial District Court |
| 5. | **State Served:** | Delaware |
| 6. | **Case Number:** | DV-21-912 A |
| 7. | **Case Type:** | Strict Liability - Design Defect |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 08/27/2021 |
| 10. | **Date to Client:** | Monday 08/30/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 21<br>Friday 09/17/2021    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | David M. Wagner<br>Bozeman, MT<br>(406) 556-1430 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 081 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At ComputerShare, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by United Agent Group Inc.

Phone: 866 820 7754, Option 2 l www.cgsregisteredagent.com

Judge Peter B. Ohman
Department 1

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

MARK DUFFY, as Personal Representative of )    Cause No.: DV-21-912 A
the Estate of Thomas Duffy, on behalf of the    )
Heirs and the Estate of Thomas Duffy, and    )
CENTRAL COPTERS, INC., a Montana    )
corporation,    )    **SUMMONS**
   )
       Plaintiffs,    )
   )
     vs.    )
   )
KAMAN AEROSPACE CORPORATION, a    )
Delaware Corporation,    )
   )
       Defendant.    )

### TO:  KAMAN AEROSPACE CORPORATION, a Delaware Corporation

A lawsuit has been filed against you.

Within 21 days after service of this summons on you or (42 days if you are the State of

Montana, a state agency, or a state officer or employee), you must serve on the plaintiff an

answer to the attached complaint or a motion under Rule 12 of the Montana Rules of Civil

Procedure. Do not include the day you were served in your calculation of time. The answer or

motion must be served on the plaintiff or plaintiff's attorney, if plaintiff is represented by an

attorney, whose name and address are listed above.

If you fail to respond, judgment by default will be entered against you for the relief

demanded in the complaint.

You also must file your answer or motion with the court.

WITNESS my hand and seal of this Court this _25th_ day of _August_,

2021.

SANDY ERHARDT
Clerk of District Court

(COURT SEAL)

By: _Stephanie Wahlberg_
Deputy Clerk

Kellie G. Sironi
ATTORNEY AT LAW
P.O. Box 21571
Billings, MT 59104
Telephone: (406) 860-9476
ksironi@sironilaw.com

David M. Wagner
CROWLEY FLECK PLLP
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Fax: (4060 556-1433
dwagner@crowleyfleck.com

Attorneys for Central Copters and the Estate of Thomas Duffy

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| MARK DUFFY, as Personal Representative of the Estate of Thomas Duffy, on behalf of the Heirs and the Estate of Thomas Duffy, and CENTRAL COPTERS, INC., a Montana corporation, | ) ) ) ) ) ) ) Cause No.: DV-21-912 A |
| Plaintiffs, | ) ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | ) ) ) |
| KAMAN AEROSPACE CORPORATION, a Delaware Corporation, | ) ) ) |
| Defendant. | ) ) ) |

COMES NOW Plaintiffs, Mark Duffy, as Personal Representative of the Estate of

Thomas Duffy, on behalf of the Heirs and the Estate of Thomas Duffy (the "Duffy Estate"), and

Central Copters, Inc., ("Central Copters"), and allege as follows:

## GENERAL ALLEGATIONS

1.    Kaman Aerospace Corporation ("Kaman") manufactures, markets, and sells the K-Max helicopter.

2.    On or about August 24, 2020, while fighting a wildfire in Oregon's Mount Hood National Forest, Thomas Duffy ("Tom"), an experienced helicopter pilot was killed in a helicopter crash.

3.    A defectively designed and manufactured servo flap on the blades of the K-Max helicopter caused the accident.

4.    The August 24, 2020 accident was substantially identical to a previous accident about which Kaman had knowledge.

5.    Kaman did not inform or alert Tom or Central Copters about the previous accident.

6.    The Duffy Estate and Central Copters have filed this lawsuit in order to hold Kaman accountable for its defective product..

7.    At the time of the accident referenced in paragraph 1, above, Tom was operating a Kaman-1200 ("K-Max") helicopter registered as N314.  Tom was an employee of Central Copters.  Central Copters owned the K-Max.

8.    Since that time, Central Copters has discovered defects on other Kaman helicopters and has been forced to ground its 3 remaining K-Max helicopters.

9.    Mark Duffy, as the Personal Representative of the Estate of Thomas Duffy, files this matter on behalf of the Estate of Thomas Duffy and Tom's heirs.

10.    Central Copters files this matter to recover damages it has suffered from the loss of use of its K-Max helicopters.

*Complaint and Demand for Jury Trial - 2*

## PARTIES

11.     Mark Duffy ("Mark") is a citizen and resident of Gallatin County, Montana. Mark is Tom's father and the Personal Representative of the Estate. At the time of his death, Tom was a Montana citizen and resident of Gallatin County, Montana.

12.     Upon his death, Tom left his wife and their minor children, all of whom are Montana citizens and residents of Gallatin County, Montana.

13.     Central Copters is a Montana corporation with its principal place of business in Gallatin County, Montana. Central Copters owns and operates the largest fleet of K-Max helicopters.

14.     Defendant, Kaman Aerospace Corporation ("Kaman"), is a corporation organized under Delaware law with its principal place of business in Connecticut.

## JURISDICTION

15.     This Court has subject matter jurisdiction over this action.

16.     This Court has specific personal jurisdiction over each of the parties.

17.     At all times relevant to this Complaint, Kaman was engaged in the business of designing, manufacturing, assembling, marketing, selling, distributing, and placing the K-Max into the stream of commerce.

18.     Kaman has both contacts and a relationship with Montana.

19.     Kaman marketed and advertised the K-Max and Central Copter's 3 remaining K-Max helicopters in Montana, actively seeks to serve the K-Max market in Montana, communicates with Central Copters in Montana about flight bulletins, maintenance, repairs, recalls, and other K-Max business, and delivered helicopters and helicopter parts to Central Copters in Montana, including the helicopters at issue in this lawsuit.

*Complaint and Demand for Jury Trial - 3*

20.     Upon placing the K-Max and Central Copter's 3 remaining K-Max helicopters in the stream of commerce, Kaman expected that Montana consumers, including Central Copters, would transact business with Kaman in Montana regarding the K-Max and Central Copters' 3 remaining KMax helicopters.

21.     Kaman has represented, and continues to represent, that the K-Max is "a superb tool in the fight against forest fires due to its ability to carry a significant quantity of water to the fire in hot and high environments." Thus, Kaman knew, or reasonably should have known, that Central Copters and it pilots would utilize the K-Max and its 3 remaining K-Max helicopters to fight fires in Montana and other states.

22.     Kaman's sale of the K-Max and Central Copter's 3 remaining K-Max helicopters to Central Copters arose from its efforts to serve the Montana market with its product.

23.     Kaman purposefully availed itself of the privilege of conducting business activities in Montana. Specifically, Kaman sold the K-Max and 3 remaining helicopters, along with parts and maintenance supplies to Central Copters, a Montana corporation located in Gallatin County, Montana.

24.     Kaman maintained and serviced its K-Max helicopters in Gallatin County, Montana.

25.     Kaman communicated information to Central Copters in Montana that caused Central Copters to continue flying the K-Max.

26.     When Kaman sold its K-Max helicopters to Central Copters, Kaman knew or reasonably should have known that Central Copters and its pilots would deploy the K-Max from Central Copters' home base in Gallatin County, Montana in order to travel to other areas within and outside of Montana.

*Complaint and Demand for Jury Trial - 4*

27.     Plaintiffs' claims arise out of and relate to Kaman's contacts with Montana. Kaman had fair warning that its sale of the K-Max helicopters to Central Copters may subject it to the jurisdiction of Montana's state courts.

28.     Based on information and belief, either upon delivery of the K-Max helicopters to Central Copters or after the delivery of the K-Max helicopters to Central Copters, Kaman knew or should have known that the K-Max at issue in the lawsuit and Central Copters' 3 remaining K-Max helicopters, which Kaman placed into the stream of commerce, were defective and unreasonably dangerous.

29.     Kaman committed certain acts that took place in Montana and relate to Plaintiffs' claims. Kaman's delivery, maintenance, and service of the defective K-Max helicopters in Gallatin County gave rise to Plaintiff's claims. In other words, if Kaman had not delivered a defective K-Max helicopter to Central Copters in Gallatin County, Tom would not have died in the K-Max on August 24, 2020 and Central Copters would have not have suffered damages.

30.     Based on the foregoing, the Court has specific jurisdiction over Kaman.

31.     Montana has a direct interest in this matter. Montana has adopted a strict liability standard to protect its consumers from dangerous product defects and Tom, a Montana resident, died as a result of the accident referenced in paragraph 1, above.

32.     Applying Montana's strict liability law ensures that the costs of injuries arising from a defective product are borne by the responsible parties. Similarly, application of Montana's strict liability laws will deter future sales of defective products in Montana and will encourage manufacturers to warn Montana residents of product defects as quickly and thoroughly as possible.

*Complaint and Demand for Jury Trial* - 5

33.     Kaman's willingness to serve and sell to Montana consumers, and its accrual of

benefits from Montana consumers that have bought Kaman's products, makes it reasonable for

Kaman to anticipate being hailed into a Montana Court, particularly since Kaman derives

benefits from Montana residents and entities owning Kaman helicopters.

34.     Montana's strict liability laws encourage manufacturers to discover defects, cure

defects, and effectively warn Montana consumers of product defects.

## VENUE

35.     Under Mont. Code Ann. §§ 25-2-122(2)(a) and (b), venue is proper in Gallatin

County, Montana because of Kaman's incorporation in another state and Plaintiff's residence in

Gallatin County, Montana.

## BACKGROUND FACTS

36.     Tom worked for Central Copters. Tom was a world-class rescue pilot.

37.     Central Copters contracted with the United States Forest Service for aerial

firefighting.

38.     On or about August 24, 2020, Tom was conducting bucket drops on the White

River Fire in the Mount Hood National Forest near Pine Grove, Oregon.

39.     On the day of the accident, Tom operated the K-Max under visual flight rules.  At

the time of the accident, the winds were light and variable.

40.     The K-Max has two counterrotating rotors located on pylons above the cockpit.

41.     Each rotor has two blades.  The blades intermesh and are linked to coordinate

their rotation.

42.     During flight, servo flaps mounted on the trailing edge of each blade control the

K-Max.

43.    The pilot of a K-Max is able to deflect the servo flaps which causes the blades to twist, changes the lift on the blades, and permits the pilot to control the movement of the K-Max.

44.    The material used for the servo flap is a graphite/epoxy fabric composite.

45.    The cause of the accident referenced in paragraph 2, above, was a defective servo flap.

46.    Kaman knew of other K-Max crashes similar to the crash at issue in this lawsuit. Kaman did not inform Tom or Central Copters off such other crashes.  Thus, K-Max deprived Tom and Central Copters of the opportunity to make an informed decision about the airworthiness of the K-Max.

## COUNT I – STRICT LIABILITY – DESIGN DEFECT

47.    Plaintiffs re-allege all prior allegations as if set forth herein.

48.    The K-Max was in a defective condition as a result of a defective design of the servo flap.

49.    The K-Max was defective because the servo flaps on the K-Max failed.

50.    Central Copters' 3 remaining K-Max helicopters also have defective servo flaps.

51.    As a direct and proximate result of the defective design and condition of the K-Max, Tom was injured and killed.  His estate has suffered damages in an amount to be determined at trial.

52.    As a direct and proximate result of the defective design of the K-Max and Central Copters' 3 remaining K-Max helicopters, Central Copters has suffered the loss of its aircraft, the loss of its pilot, and other damages in an amount to be determined at trial including, but not limited to, loss of income.

*Complaint and Demand for Jury Trial - 7*

## COUNT II – STRICT LIABILITY – MANUFACTURING DEFECT

53.    Plaintiffs re-allege all prior allegations as if set forth herein.

54.    The K-Max was in a defective condition as the result of a defective manufacture of the servo flap.

55.    The K-Max was defective because the servo flaps on the K-Max failed.

56.    Central Copters' 3 remaining K-Max helicopters have also defective servo flaps.

57.    As a direct and proximate result of the defective manufacturing of the K-Max, Tom was injured and killed. His estate has suffered great damage in an amount to be determined at trial.

58.    As a direct and proximate result of the defective manufacturing of the K-Max and its 3 remaining K-Max helicopters, Central Copters has suffered the loss of its aircraft, the loss of its pilot, and other damages in an amount to be determined at trial including, but not limited to, loss of income.

## COUNT III – STRICT LIABILITY – FAILURE TO WARN

59.    Plaintiffs re-allege all prior allegations as if set forth herein.

60.    The K-Max and the 3 remaining K-Max helicopters were in a defective condition because of Kaman's failure to adequately warn consumers and users of the high probability of serious injury and death stemming from defective servo flaps on the K-Max.

61.    As a direct and proximate result of the defective design, manufacturing, and condition of the K-Max, Tom was injured and killed and Central Copters was deprived of the use of its the K-Max, its pilot, and its 3 remaining K-Max helicopters.

62.    Plaintiffs have suffered damages and losses as a result of Kaman's failure to warn in an amount to be determined at trial.

*Complaint and Demand for Jury Trial - 8*

## COUNT IV - NEGLIGENCE

63.     Plaintiffs re-allege all prior allegations as if set forth herein.

64.     At all times relevant to this matter, Kaman represented to the public that it had specialized knowledge for purposes of designing, manufacturing, repairing, inspecting, and maintaining the K-Max.

65.     Kaman owed consumers, including Plaintiffs, a duty to use reasonable care in the design, manufacturing, repair, inspection, maintenance, testing, education, and execution of warnings regarding the condition of the K-Max servo flaps.

66.     Kaman breached its duty of care described above.

67.     As a direct and proximate result of Kaman's negligence, Tom was injured and killed and Central Copters suffered the loss of its aircraft, pilot, and income.

68.     Plaintiffs have suffered damages and losses as a result of Kaman's negligence in an amount to be determined at trial.

## COUNT V – PUNITIVE DAMAGES

69.     Plaintiffs re-allege all prior allegations as if set forth herein.

70.     Kaman had actual knowledge of facts, or it intentionally disregarded facts, that created a high probability of injury to Plaintiffs.

71.     Kaman deliberately acted in conscious or intentional disregard of the high probability of injury to Plaintiffs.

72.     Kaman is liable for its malicious conduct, as defined under Mont. Code Ann. § 27-1-221, and it should be punished to discourage it and others from engaging in conduct in the future that could harm others.

*Complaint and Demand for Jury Trial* - 9

## PLAINTIFF'S DAMAGES

73.    Plaintiffs re-allege all prior allegations as if set forth herein.

74.    As a direct and proximate result of the foregoing events and conduct of Kaman,

Tom suffered serious injuries and died.

75.    As a direct and proximate result of the foregoing events and conduct of Kaman,

Central Copters was deprived of the use of its K-Max, its 3 remaining K-Max helicopters, the

service of its pilot, and its associated income.

76.    Such injuries have damaged the Duffy Estate.  Such damages include, but may

not be limited to, mental and physical pain and suffering, lost wages, loss and destruction of

Tom's established course of life, and funeral and burial expenses.

77.    Such injuries have damaged Central Copters.  Central Copters' damage include,

but may not be limited to, the value of the K-Max and the value of Central Copters' 3 remaining

K-Max helicopters, loss of income, costs of recovering the downed K-Max, and other damages

in an amount to be determined at trial..

**WHEREFORE** Plaintiffs demand judgment as follows:

1.    For all damages, special and general, recoverable under Montana law including,

but not limited to, all economic and non-economic damages, survival damages, and wrongful

death damages to be proven at law;

2.    For all recoverable costs as permitted under the law;

3.    For pre-judgment interest on Plaintiffs' damages as permitted under the law;

4.    For such other and further relief as the Court deems just and equitable;

5.    For punitive damages in a mount to discourage Kaman and others from engaging

in like conduct in the future;

*Complaint and Demand for Jury Trial* - 10

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Dated this _25_ day of August, 2021.

CROWLEY FLECK PLLP

By _____

David M. Wagner
P. O. Box 10969
Bozeman, MT  59719-0969

Kellie Sironi
P.O Box 21571
Billings, MT  59104-1571
Attorneys for Plaintiff