# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

CENTRAL COPTERS, INC., a
Montana corporation,

$\quad\quad\quad$ Plaintiffs,

$\quad$ v.

KAMAN AEROSPACE
CORPORATION, a Delaware
Corporation,

$\quad\quad\quad$ Defendants.

**No. 2:21-CV-71-BMM**

**ORDER ON**

**MOTION TO ALTER**

## INTRODUCTION

The Court held a jury trial in this matter from April 28, 2025, to May 8, 2025. (Docs. 300, 303, 304, 305, 306, 312, 315, 318, and 319.) The jury found in favor of Central Copters, Inc. ("Central") on their defective product and negligence claims against Defendant Kaman Aerospace Corporation ("Kaman"). (Doc. 330.) The jury awarded the Plaintiffs $22 million in damages for the loss of Duffy and the impact on Central's operations. (*Id.*)

The Clerk entered the amended judgement on May 8, 2025. (Doc. 330.) Pursuant to Fed. R. Civ. P. 58(c)(2), final judgment was entered on October 5, 2025, 150 days following the entry of the amended judgment on the docket. (*See* Court's

Order on Motion to Strike Amended Judgment, Doc. 393). Plaintiffs filed a Motion to Modify the Judgment to Include Prejudgment and Post-Judgment Interest and Costs pursuant to Mont. Code Ann. §§ 25-9-204, 205, 27-1-211, and Fed R. Civ. P. 59(e). The Court held a hearing on the motion on September 25, 2025. (Doc. 387.)

## BACKGROUND

The Court previously has recited the factual background in this case at length. *See Duffy v. Kaman Aerospace Corp*., No. 2:21-CV-71-BMM, 2025 WL 1000989 (D. Mont. Apr. 3, 2025). The Court will not reiterate the factual background causing this litigation. The Court will note that this case was tried before a jury in April and May of 2025. The trial lasted nine days. (See Doc. 300; Doc. 303; Doc. 304; Doc. 305; Doc. 306; Doc. 312; Doc. 315; Doc. 318; Doc. 319.) The jury returned a $22 million verdict for Plaintiffs on May 8, 2025. (Doc. 328.)

## LEGAL STANDARD

The Court may grant a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure when the motion proves necessary to (1) "correct a manifest error of law or fact upon which the judgment rests;" (2) "present newly discovered or previously unavailable evidence;" (3) "prevent manifest injustice;" or (4) to address an "intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). A litigant must file

the motion to alter or amend the judgment 28 days from the date of the judgment.

Fed R. Civ. P 59(e); *Banister v. Davis*, 590 U.S. 504 (2020). Federal district courts

enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e).

*McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). "[F]ederal courts

generally have [used] Rule 59(e) only" to "reconsider[ ] matters properly

encompassed in a decision on the merits." *Id.* (internal citations omitted).

## DISCUSSION

Plaintiffs seek to alter the judgment to include awards of prejudgment

interest, costs, and post-judgment interest. (Doc. 348.) The Court will analyze each

claim in turn.

### I.    Prejudgment Interest

"[A] post judgment motion for discretionary prejudgment interest constitutes

a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst &*

*Whinney*, 489 U.S. 169, 175 (1989). The U.S. Supreme Court determined "that

prejudgment interest is an element of plaintiff's complete compensation." *Id*.

Thus, "a post judgment motion for discretionary prejudgment interest involves the

kind of reconsideration of matters encompassed within the merits of a judgment to

which Rule 59(e) was intended to apply." *Id.* at 176.

"In diversity of citizenship cases, the allowance of prejudgment interest is

governed by state law." *Glacier Bear Retreat, LLC v. Dusek*, CV 22-19-M-KLD,

2023 WL 2772723, at *1 (D. Mont. Apr. 12, 2023). Plaintiffs seek to obtain

prejudgment interest pursuant to Mont. Code Ann. §§ 27-1-210 and 25-9-205. A

party must establish three requirements before an award of prejudgment interest

can be made pursuant to Mont. Code Ann. § 27-1-210: "(1) an underlying

monetary obligation exists; (2) the amount of recovery is capable of being made

certain; and (3) the right to recovery vests on a particular day." *Grosvold*, 2025 MT

99, ¶ 42.1 "[I]f the damages at issue are uncertain or disputed, an award of

prejudgment interest is inappropriate." *Id.* "The accrual start date for prejudgment

interest necessarily varies depending on the particular facts and circumstances of

each case." *Sarens USA, Inc. v. Lowery*, 525 F.Supp. 1257, 1263 (D. Mont. 2021)

(quoting *Warrington v. Great Falls Clinic, LLP*, 467 P. 3d 567, 570 (Mont. 2020).

Prejudgment interest serves "to fully compensate the injured party for the

loss of use of his money during the period in which a valid claim was not paid."

*New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls, Inc.*, 328

P.3d 586 (Mont. 2018) (quotations omitted). Montana law sets the prejudgment

interest rate at the bank prime rate as of January 1 in the year in which the

judgment is entered, plus 3%. Mont. Code Ann. § 25–9–205. Plaintiffs assert that

the bank prime rate as of January 1, 2025, was 7.5%, which calculates a

prejudgment interest rate of 10.5%. (Doc. 348 at 9.)

Plaintiffs seek prejudgment interest for the following damages: (1) the value of the N314 K-MAX; (2) the loss of value of the three grounded helicopters; (3) Central's loss of income; and (4) the Estate's loss of income accumulating from the date of the crash of August 24, 2020, until the date of final judgment. (Doc. 348 at 9-10.) Plaintiffs argue that the date of the crash, August 24, 2020, represents the date the rights to recover vested. (Doc. 348 at 9.)

### a. N314 K-MAX

Plaintiffs seek to obtain prejudgment interest on the amount of the $6,000,000 awarded on the N314 K-MAX and the $6,000,000 for the loss of value for the three grounded helicopters. Plaintiffs contend that Kaman offered no evidence at trial to dispute the value that Plaintiffs' expert offered for the helicopters. (Doc. 348 at 9.) Central's expert, David Crick, provided an estimate fair market value of the helicopters, including the N314 K-MAX. Kaman argues that Crick's assessment was subjective and not "certain or capable of being made certain by calculation." (Doc. 363 at 11.) The Court disagrees.

The Montana Supreme Court in *New Hope Lutheran* concluded that "the amount in Faith Lutheran's financial accounts as of May 2, 2010, is undisputed to be $95,744.00, thus the amount of recovery is certain." 328 P.3d at 602. Kaman had the opportunity at trial to introduce or dispute the helicopter valuation Crick provided. Kaman did not dispute the amount provided by Plaintiffs. Kaman's

expert further opined that she would not contest the value of the N314 K-Max helicopter. The Court determines that the value provided by Crick for the N314 K-Max was certain because like *New Hope Lutheran*, Kaman did not dispute the helicopter's value.

Even though an appraisal of helicopter may be "complex," Crick provided a reliable and ascertainable conclusion as to what amount the N314 K-Max was valued at. The Court finds that not allowing recovery of prejudgment interest simply because appraisal of the property proves complex would defeat the Court's obligation to "fully compensate the injured party for loss of use of his [property] during the period in which a valid claim was not paid." *Kraft v. High Country Motors, Inc*., 276 P. 3d 908 (Mont. 2012) (quoting *Byrne v. Terry*, 741 P.2d 1341, 1343 (1987)). The jury returned a verdict for $6,000,000 for the value of the inoperable and destroyed N314 K-Max.

Kaman did not dispute the value of the helicopters at trial and did not they dispute Crick's calculations. Plaintiffs value of the N314 K-Max was "capable of being made certain by [Crick's undisputed] calculation." Mont. Code Ann. § 27-1-210. Plaintiffs' right to the amount vested on August 24, 2020, when Central no longer could use the N314 K-Max given its destruction. The Court determines that Plaintiffs are entitled to prejudgment interest on the N314 K-Max from the date of the accident, August 24, 2020, to the date of entry of final judgment, October 5,

2025. Prejudgment interest for the N314 K-Max on the amount of $6,000,000, at the Montana rate, Mont. Code. Ann. § 25-9-205, proves appropriate as Plaintiffs are entitled to a prejudgment award. Mont. Code Ann. § 27-1-211.

b. **The three grounded helicopters**

Plaintiffs seek to obtain prejudgment interest on the amount of the $6,000,000 awarded for the loss of value for the three grounded helicopters following the accident occurring on August 24, 2020. Crick provided certain, undisputed calculations of the value of the helicopters. Plaintiffs further provided evidence of the loss in value to the three grounded helicopters following the accident when Plaintiffs sold the helicopters for a much lower price. Kaman did not dispute the loss of value of the three grounded helicopters.

The Court finds the amounts for loss of value of the three grounded helicopters to be undisputed, certain, and calculable at $6,000,000. *New Hope Lutheran*, 328 P.3d at 602. Plaintiffs' right to the amount vested when Plaintiffs completed the sale of all three grounded helicopters for a decreased price on the date of the sale of the final grounded helicopter. Plaintiffs' injuries were finalized on the date of the final sale due to the loss in value of the three grounded helicopters. Plaintiffs are entitled to prejudgment interest from the date the last of the three grounded helicopters was sold to the date of entry of judgment.

Prejudgment interest for the loss of value for the three grounded helicopters on the amount of $6,000,000, at the Montana rate, Mont. Code. Ann. § 25-9-205, proves appropriate as Plaintiffs are entitled to a prejudgment award. Mont. Code Ann. § 27-1-211. An amended judgment will reflect the prejudgment interest starting from the date of sale of the final grounded helicopter when Plaintiffs' right to recover vested to October 5, 2025.

### c. Central's Lost Profits Claim

Plaintiffs seek to obtain prejudgment interest in the amount of $958,000 for Central's lost of income following the accident. Plaintiffs argue that the amounts are undisputed, certain, and calculable because Kaman's expert submitted a report estimating loss of profits as $958,000. (Doc. 348 at 9.)

Kaman relies on *Detienne v. Sandrock*, for the proposition that amounts disputed by experts cannot support a claim for prejudgment interest. 431 P.3d 12 (Mont. 2018). In *Detienne*, the parties' experts disagreed on the approach and methodology of calculating lost profits and changed the calculated amounts of lost profits throughout the litigation. *Id*. at 20. The Montana Supreme Court determined that the damages were not readily ascertainable until determined by the trial court given the disagreement by the experts. *Id*. Pre-judgment interest on lost profits proved inappropriate in *Detienne* because the amounts could not be ascertained prior to judgment. *Id*.

Like *Detienne*, Plaintiffs' and Kaman's expert disagreed on the amounts and calculations of lost profits for Central following the accident on August 24, 2020. Plaintiffs' own expert submitted changed supplemental reports on lost profit calculations after learning that Central had operated the three grounded helicopters for a year after the accident. (Doc. 363 at 15.) Unlike the amounts for the value of N314 K-Max and the loss of value of the three grounded helicopters, Kaman presented evidence disputing Plaintiffs' calculated amounts of lost profits. Plaintiffs' argument fails to persuade the Court that Kaman's expert providing a lost profit calculation of $958,000 means that this amount remained undisputed by the parties. The final jury verdict of $4,000,000 in lost profits also did not reflect a number proposed by either Plaintiffs or Kaman. This ambiguity demonstrates that the amounts of Central's lost profits were not ascertainable or undisputed before the judgment. The Court determines that awarding prejudgment interest on lost profits proves inappropriate here as "the amount of recovery was not capable of being made certain until the jury returned its verdict." *Grosvold*, 2025 MT 99, ¶ 44. The amended judgment will not reflect that Plaintiffs are entitled to prejudgment interest on Central's lost profits.

### d. Estate's Lost Profit Claim

Plaintiffs seek to obtain prejudgment interest in the amount of $2,608,000 for the Estate's loss of income for Duffy. The Court entered the Duffy judgment for

an amount of $8,000,000 ("Duffy Judgment") after an entry of judgment following

settlement. (Doc. 281.) The Court entered the Duffy Judgment pursuant to Fed R.

Civ. P. 68. The Duffy Judgment does not provide for differing amounts of recovery,

such as an inclusion for amounts of lost profits. The Duffy Judgment further does

not differentiate amounts between lost profits and future lost profits.

The Tenth Circuit and Eighth Circuit have held that "[a] Rule 68 consent

judgment for a sum certain must, absent indication otherwise, be deemed to

include prejudgment interest. To hold otherwise would undermine the purpose of

Rule 68." *Id.* at 830 (quoting *Mock v. T.G.&Y. Stores Co.*, 971 F.2d 522, 527 (10th

Cir. 1992). Prejudgment interest is a part of the damages themselves and generally

encompassed in the judgment. *Miller*, 764 F.3d at 830. The Duffy Judgment's total

amount would include prejudgment interest. The Court cannot make a

determination on what portions of the $8,000,000 of the Duffy Judgment squarely

establish the undisputed, certain Estate lost profit amount to which prejudgment

interest would attach.

Further, the calculation by Kaman's expert of $2,608,000 for lost earnings of

Thomas Duffy, the amount Plaintiffs seek to use for calculation of prejudgment

interest, was not determinable before final judgment. The parties disputed the

amount. Mont. Code Ann. § 27-1-210 further excludes prejudgment interest on

claims for "future damages," like the Estate's future lost profits/earnings of

Thomas Duffy following the accident on August 24, 2020. The amended judgment will not reflect that Plaintiffs are entitled to prejudgment interest on the Estate's lost earnings.

## II.    Post-Judgment Interest

Plaintiffs concede that federal law, 28 U.S.C. § 1961, governs its claim for post-judgment interest. (Doc. 369 at 14.) Plaintiffs seek only an award of post-judgment interest on Central's judgment, not the Duffy Judgment. (Doc. 281). (Doc. 363 at 22.)

The Court determines that Central stands entitled to post-judgment interest for the amounts included in the Central judgment according to federal law. Post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The Clerk entered judgment on May 8, 2025. Final judgment was entered on October 5, 2025. Plaintiffs are entitled to post-judgment interest at the federal rate for the calendar week preceding October 5, 2025. 28 U.S.C. § 1961. Plaintiffs' post-judgment interest recovery is limited to only Central's judgment, as agreed by the parties.

## III.    Costs

Plaintiffs seek to have the judgment include costs pursuant to Fed. R. Civ. P. 54(d)(1). The parties have reached an agreement on costs. (Doc. 361). The Court finds that because the parties stipulated to the amount of costs and ordered by the Court, an alteration to add the costs to the judgment proves appropriate. (*Id*.) Pursuant to the Court's order, Plaintiff is entitled to taxable costs in the amount of $39,352.80 which the Court will include in the amended judgment.

## CONCLUSION

Plaintiffs have established that the amounts of the value of the N314 K-Max helicopter and the loss in value of the three grounded helicopters were certain and vested to award prejudgment interest on those amounts. Central's lost profits and the Estate's lost profits were not readily ascertainable to allow for a prejudgment interest award. Plaintiffs are entitled to post-judgment interest on all amounts included in the Central Judgment at the federal rate, 28 U.S.C. § 1961. The Court will include the parties stipulated costs in the amended judgment.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs Motion to Alter Judgement (Doc. 347) is **GRANTED** in part and **DENIED** in part.

1. Plaintiffs' Motion to Alter Judgment to include prejudgment interest from August 24, 2020, to October 5, 2025, at the Montana rate, Mont. Code

Ann. § 25-9-205, on the amount of the $6,000,000 for the N314 K-MAX is **GRANTED**.

2. Plaintiffs' Motion to Alter Judgment to include prejudgment interest from the date of the sale of the final grounded helicopter to October 5, 2025, at the Montana rate, Mont. Code. Ann. § 25-9-205, on the amount of the $6,000,000 for the loss in value of the three grounded helicopters is **GRANTED**.

3. Plaintiffs' Motion to Alter Judgment to include prejudgment interest on the amount of the $958,000 for Central's lost profits is **DENIED**.

4. Plaintiffs' Motion to Alter Judgment to include prejudgment interest on the amount of the $2,608,000 for the Estate's lost profits is **DENIED**.

5. Plaintiffs' Motion to Alter Judgment to include post-judgment interest from October 5, 2025, at the federal rate, 28 U.S.C. § 1961, is **GRANTED**.

6. Plaintiffs' Motion to Alter Judgment to reflect the agreed upon costs contained in Doc. 361 is **GRANTED**.

DATED this 7th day of November 2025

Brian Morris, Chief District Judge
United States District Court